# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WILSON, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. : 4:24-cv-3202** |
| | § | |
| **v.** | § § | |
| | § | |
| **MAIN STREET S, INC. and ABDUL MADANI,** | § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### SUMMARY

1.    The case implicates Defendants Main Street S, Inc. and Abdul Madani's ("Defendant") violations of the Fair Labor Standards Act's ("FSLA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate.

2.    Defendants took advantage of the tip credit to pay their employees a direct wage of $2.13 an hour.    Under the FLSA, an employer cannot take advantage of the tip credit unless it complies with the strict requirements of the statute.  *See* 29 C.F.R. § 531.59.  First, the employer must inform an employee in advance of its use of tip credit pursuant to the provisions of § 203(m). That is, employer must inform the employee of (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.  *See* 29 C.F.R. § 531.59.  Second, "[w]ith the exception of tips contributed to a tip pool limited to employees who customarily and regularly

receive tips . . . [the FLSA] also requires employers that take a tip credit to permit employees to retain all tips received by the employee." *Id.*

3.      Defendants ran afoul of the statutory requirements to claim a tip credit by, *inter alia*, failing to properly inform their waitstaff of their intention to claim a tip credit and by requiring their waitstaff to participate in a tip pool that included non-tip eligible employees.

4.      As a result of these violations, Defendants have lost their ability to use the tip credit and therefore must compensate their employees at the full minimum wage rate and overtime wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Defendants must account to their employees for the difference between the wages it paid and the minimum wage of $7.25 an hour and $10.88 an hour for overtime hours worked.

5.      Plaintiff Wilson brings this action on behalf of himself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Defendants pursuant to 29 U.S.C. § 216(b).

6.      Plaintiff also prays that similarly situated wait staff of Defendant be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to opt into this litigation.

## <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

7.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.  Specifically, the restaurant where Plaintiff worked is located in this District.

## PARTIES AND PERSONAL JURISDICTION

9.      Plaintiff Christopher Wilson is an individual residing in Harris County, Texas.  His written consent to this action is attached hereto as Exhibit "A."

10.     The Class Members are the current and former tipped employees that worked for Defendants in the three years prior to the institution of this action.

11.     Defendant Main Street S, Inc. is a corporation organized under the laws of Texas.  It may be served process through its registered agent Abdul Madani at 15606 Oyster Cove Drive, Sugar Land, Texas 77478.

12.     Defendant Abdul Madini is an individual residing in Fort Bend County, Texas.  He may be served process at 15606 Oyster Cove Drive, Sugar Land, Texas 77478.

## FLSA COVERAGE

13.     At all material times, Defendants have been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

14.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

15.     At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

16.     At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

17.     Defendants operate a chain of Houston area restaurants under the trade name Denny's.

18.     Defendant Madani is the president of this chain of restaurants.

19.     Defendant Madani had the authority to hire and fire Plaintiff, to supervise his work, to sign his paychecks, and to raise and lower his compensation.

20.     Defendant Madani had direct control over the restaurant where Plaintiff worked.

21.     Defendant Madani had direct control over the other Denny's restaurants over which he is president, manager, or director.

22.     Accordingly, pursuant to 29 U.S.C. § 203(d), Defendant Madani acted directly or indirectly in the interest of an employer in relation to Plaintiff and the Class Members so as to render Defendant Madani individually liable under the FLSA.

## **FACTS**

23.     Defendants operate a chain of Denny's branded restaurants across the Houston area.

24.     Plaintiff began working for Defendants that their Main Street location in August of 2021.  He remains employed at that restaurant.

25.     Plaintiff works for Defendants as a server.

26.     As a server, Plaintiff's primary duties involved providing food and beverages to Defendant's customers.

27.     Defendants utilize the tip credit to pay Plaintiff and the Class Members a direct wage less than the minimum wage.  In doing so, Defendants rely on the tips received by Plaintiff and Class Members to make up the difference between the direct wage it pays and the minimum wage.

28.     Specifically, Defendants paid Plaintiff a direct wage of $2.65 per hour instead of the normal hourly minimum wage of $7.25.

29.     Plaintiff also received tips from Defendants' patrons.

30.     However, Defendants requires their tipped employees like Plaintiff to share a portion of their tips with employees of the restaurant that cannot legally be included in a tip pool.

31.     Defendants siphon a portion of Plaintiff's tips to management by retaining all the tips patrons leave on to-go orders.

32.     Defendants also violated the FLSA's tip credit requirements by failing to provide legally complaint notice pursuant to 29 C.F.R. sections 531.54 and 531.59(b).

33.     Defendants failed to inform Plaintiff and Class Members of their intent to rely on the tip credit to meets their minimum wage obligations under the FLSA.

34.     Defendants failed to inform Plaintiff and Class Members of the cash wage it was to pay the tipped employees.

35.     Defendants failed to inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips.

36.     Defendants failed to inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit.

37.     Defendants failed to inform Plaintiff and Class Members that the tip credit may be taken only as to the amount the server actually receives, and that the employer may not retain any of the server's tips for any other purpose.

38.     Defendants also violated the tip credit's gross up requirements.  Under the FLSA, 29 U.S.C. 203(m)(2)(A), if a tipped employee does not receive enough tips during a workweek, combined with the cash wage paid by the employer, to equal the minimum wage, the employer must pay additional cash compensation to equal at least the minimum wage.

39.     Defendants failed to make these gross-up payments.  Instead of paying additional cash compensation to ensure Plaintiff received at least the minimum wage, Defendants would claim that Plaintiff received enough in cash tips to not trigger the gross up payment despite Plaintiff not actually receiving those cash tips.

40.     Plaintiff's job title while employed with Defendants was server, however, Defendants also required him to perform other non-tip generating jobs while employed by Defendants, including working as a cook in the kitchen.

41.     Plaintiff was an hourly paid employee when employed by Defendants.

42.     Plaintiff is a non-exempt employee.

43.     Due to the multifaceted violations of the FLSA as outlined above, each of which is independently sufficient, Defendants should lose the ability to claim the tip credit toward minimum wage.  As a result, Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants for whom Defendants claimed the tip credit within three (3) years from the commencement of this action to the present.

45.     Plaintiff has actual knowledge, through conversations with his co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage.

46.     The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

47.     Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

48.     The names and address of all Class Members of the collective action are available from Defendants' records.

49.     Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

50.     As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former employees for whom Defendants claimed the tip credit in the three years preceding the filing of this action to the present.**

## CAUSE OF ACTION (I)

VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

51.     Plaintiff incorporates the preceding paragraphs by reference.

52.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage in association with their illegal use of the tip credit.

53.     Defendants' practice of failing to inform their employees of their intent to rely on the tip credit to meet their minimum wage obligations violates the FLSA.  Likewise, Defendants' requirement that employees share their tips with ineligible employees, such as management, violates the FLSA.  Moreover, since Defendants are not allowed to take advantage of the tip credit for the reasons described herein, the amounts they paid are below the federally mandated minimum wage.

54.     Defendants know the FLSA requirements, but intentionally sought to avoid them.

55.     Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

**CAUSE OF ACTION (II)**

VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY OVERTIME WAGE
(COLLECTIVE ACTION)

56.     Plaintiff incorporates the preceding paragraphs by reference.

57.     Because Defendants required tipped employees to share tips with nontipped employees, Defendants can no longer take advantage of the tip credit and must pay its employees a direct wage of at least $7.25 per hour for every hour worked during the three years prior to the filing of this Complaint to present.  It follows that the overtime rate, which must be one and one-half the regular rate of pay, must be at least $10.88 per hour.  Defendants failed to pay Plaintiff and Class Members an overtime rate of at least $10.88 per hour.  Defendants failed to pay Plaintiff and Class Members one and one-half times their legal regular rate of pay unencumbered by the tip credit.

58.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

59.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants, Plaintiff, or Class Members.

**CAUSE OF ACTION (III)**

VIOLATION OF THE FAIR LABOR STANDARDS ACT
MISAPPROPRIATION OF TIPS
(COLLECTIVE ACTION)

60.     Under the FLSA, "[a]n employer many not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tip." 29 U.S.C. § 203(m)(2)(B).

8

61.     Defendants violated this section of the FLSA by retaining the tips earned by Plaintiff and the Class Members.

62.     Under 29 U.S.C. § 216(b), Defendants are liable to Plaintiff and the Class Members for all misappropriated tips and an equal amount in liquidated damages.

## WAGE DAMAGES SOUGHT

63.     Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

64.     Plaintiff and Class Members are entitled to receive the difference between the tipped overtime rate and $10.88 an hour for each overtime hour worked.

65.     Plaintiff and Class Members are entitled to all misappropriated tips.

66.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid wages as liquidated damages.

67.     Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA.

## JURY DEMAND

68.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

69.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

a.   Minimum wage compensation unadulterated by the tip credit;

b.   Overtime wage unadulterated by the tip credit;

c. Their misappropriated tips;

d. An equal amount of their unpaid wages as liquidated damages;

e. Individual liability with regards to Abdul Madani;

f. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and,

g. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
4151 Southwest Freeway, Suite 515
Houston, TX 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
4151 Southwest Freeway, Suite 515
Houston, TX 77027
Telephone: (281) 885-8630
Facsimile: (281) 885-8813