IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WILSON, on behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.: 4:24-cv-3202 |
| **MAIN STREET S, INC. and ABDUL MADANI,** | § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | | |

### DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Main Street S, Inc. and Abdul Madani (collectively "Defendants") file this Original Answer and Defenses (collectively "Answer") to the Plaintiff's Original Complaint ("Complaint"). In support thereof, Defendants respectfully show the Court as follows:

### ANSWER

Defendants hereby answer the Complaint on a paragraph-by-paragraph basis as follows:

1. Paragraph 1 calls for a legal conclusion, which does not require a response. To the extent this paragraph contains allegations requiring a response, Defendants acknowledge Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA"); however, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 contains legal conclusions, which does not require a response. To the

1

extent this paragraph contains allegations requiring a response, Defendants deny that they paid their employees a direct wage of $2.13 an hour.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions, which do not require a response. To the extent this paragraph contains allegations requiring a response, Defendants deny they engaged in any unlawful conduct.

5. Paragraph 5 contains a legal conclusion, which does not require a response. Defendants acknowledge Plaintiff purports to bring this action on behalf of himself and on behalf of all other similarly situated employees. However, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever. Defendants deny that there are employees similarly situated to Plaintiff. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations contained in Paragraph 6, that Plaintiff has a right to the relief sought, and specifically Defendants deny that there are employees similarly situated to Plaintiff. .

## SUBJECT MATTER JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 are jurisdictional and do not require a response. To the extent a response is required, Defendants admit that this Court has federal question jurisdiction over Plaintiff's FLSA claims.

8. Defendants admit that venue is proper in the Southern District of Texas. However, Defendants deny that they committed any unlawful employment practices.

## PARTIES AND PERSONAL JURSIDICTION

9. Defendants admit Plaintiff is an individual but lacks sufficient information or

knowledge to admit or deny that Plaintiff resides in Harris County, Texas and on that basis, deny the allegations in Paragraph 9. Defendants acknowledge that Plaintiff filed a Notice of Consent on August 20, 2024.

10. Paragraph 10 contains legal conclusions to which no response is required. Defendants deny they engaged in any unlawful conduct. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the factual allegations in Paragraph 11.

12. Defendants admit the factual allegations contained in Paragraph 12.

13. Paragraph 13 contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Defendants admit that the yearly gross revenues of Defendant Main Street S., Inc. have exceeded $500,000. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16. Defendants admit that Plaintiff is an employee of Defendant Main Street S., Inc. Defendants deny that there are employees similarly situated to Plaintiff. Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17. Defendants admit that Defendant Main Street S., Inc. operates under the trade name Denny's. Except as expressly admitted, Defendants deny the factual allegations in Paragraph 17.

18. Defendants admit that Defendant Madani is the president of Main Street S., Inc. Except as expressly admitted, Defendant deny the allegations in Paragraph 18.

19. Defendants admit that Defendant Madani has authority to sign Plaintiff's

paychecks. Except as expressly admitted, Defendants deny the factual allegations in Paragraph 19.

20. Defendants deny the factual allegations contained in Paragraph 20.

21. Defendants deny the factual allegations contained in Paragraph 21.

22. Paragraph 22 calls for a legal conclusion, which requires no response. To the extent this paragraph contains allegations requiring a response, Defendants deny the allegations in Paragraph 22.

## FACTS

23. Defendant Main Street S., Inc. operates a restaurant under the trade name Denny's. Except as expressly admitted, Defendants deny the factual allegations in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff is a current employee. Except as expressly admitted, Defendants lack sufficient information or knowledge to admit or deny the factual allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit that they utilize a tip credit toward its minimum wage obligations to Plaintiff. Except as expressly admitted, Defendants deny the factual allegations in Paragraph 27.

28. Defendants admit that along with the tip credit, Plaintiff was paid $2.65 per hour. Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Paragraph 38 contains a legal conclusion to which no response is required. To the extent this paragraph contains allegations requiring a response, Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Plaintiff's job title while employed with Defendants was server. Except as expressly admitted, Defendants deny the factual allegations in Paragraph 40.

41. Defendants admit the allegations contained in Paragraph 41.

42. Defendants admit the allegations contained in Paragraph 42.

43. The allegations in Paragraph 43 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

## COLLECTIVE ACTION ALLEGATIONS

44. Paragraph 44 contains a legal conclusion, which does not require a response. To the extent this paragraph contains allegations requiring a response, Defendants acknowledge Plaintiff purports to bring this action as a FLSA collective action; however, Defendants deny they engaged in an unlawful conduct and/or Plaintiff is entitled to any relief whatsoever.

45. Defendants lack sufficient information or knowledge to admit or deny that Plaintiff had conversations with his co-workers, but otherwise deny the allegations in Paragraph 45 in their entirety.

46. The allegations in Paragraph 46 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

47. Defendants deny the factual allegations in Paragraph 47.

48. The allegations in Paragraph 48 calls for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

49. Defendants deny they engaged in unlawful conduct, that an appropriate class exists, and that Plaintiff is entitled to any relief whatsoever. Defendants deny the allegations in said Paragraph in their entirety.

50. The allegations in Paragraph 50 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

## **CAUSE OF ACTION (I)**

51. For Paragraph 51, Defendants incorporate all the preceding paragraphs of this Answer as though fully set forth herein.

52. Paragraph 52 calls for a legal conclusion, which does not require a response. To the extent this paragraph requires a response, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants admit that they are aware of FLSA requirements and deny the factual allegations in Paragraph 54.

55. Paragraph 55 calls for a legal conclusion, which does not require a response. To

the extent this paragraph requires a response, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

## CAUSE OF ACTION (II)

56. For Paragraph 56, Defendants incorporate all the preceding paragraphs of this Answer as though fully set forth herein.

57. Paragraph 57 contains a legal conclusion, which does not require a response. To the extent this paragraph requires a response, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever. Defendants deny the factual allegations contained in Paragraph 57.

58. Paragraph 58 contains a legal conclusion, which does not require a response. To the extent this paragraph requires a response, Defendants deny the factual allegations in Paragraph 58 and deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

59. Paragraph 59 states a legal conclusion, which does not require a response. To the extent this paragraph requires a response, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

## CAUSE OF ACTION (III)

60. Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit to statement in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Paragraph 62 calls for a legal conclusion, which does not require a response. To the extent this paragraph requires a response, Defendants deny they engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

## WAGE DAMAGES SOUGHT

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

## JURY DEMAND

68.     Paragraph 68 contains a Jury Demand, which does not contain allegations to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations and leaves Plaintiff to her proofs thereto.

## PRAYER FOR RELIEF

69.     Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer and all subparts thereto.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the burden of proof Plaintiff ordinarily would be required to carry on any element of any claims asserted by him, and in the alternative where necessary, Defendants assert the following defenses:

1.      Upon information and belief, the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      To the extent the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

3. The claims set forth in the Complaint do not arise out of a willful violation. Notwithstanding, if the three-year limitations period were to apply, the claims in Complaint are barred by the applicable statute of limitations to the extent any alleged violation occurred more than three years prior to the date the Complaint was filed or a consent to participate as an opt-in plaintiff is filed, notwithstanding that Defendants deny that there are employees similarly situated to Plaintiff.

4. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations (including but not limited to 29 U.S.C. § 778.114), orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

5. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done with good faith and with reasonable grounds for believing that the actions of omissions were not a violation of the FLSA. This defense also may apply to the claims or some or all of the class of allegedly similarly situated persons.

6. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

7. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

8. Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions do not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

9. There are no employees of Defendants who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b), and thus, this action cannot be maintained as a collective action.

10. In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal: (1) wrongful conduct and resulting monies owed to Defendants; (2) any monies paid to Plaintiff for any hours during which he was not working; or (3) payments made to Plaintiff for more than otherwise required under the FLSA or any other applicable law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

11. Plaintiff's claims are barred, in whole or in part, because any payments for prior overtime owed (which Defendants deny) must be calculated at no more than one-half of Plaintiff's regular rate of pay for the workweek in which the time was worked. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

12. Plaintiff's counsel cannot fairly and adequately protect the interests of a putative class, notwithstanding that Defendants deny that there are employees similarly situated to Plaintiff.

13. Plaintiff is not entitled to an award of prejudgment interest even if he prevails on any or all of his claims. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

14. Plaintiff's claims are barred in that he was compensated for all hours suffered or permitted to work in accordance with the FLSA. Specifically, Defendants adopted tip credit practice in accordance with the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

15. Plaintiff was a tipped employee and Defendants are entitled to a "tip credit" as an offset of wages allegedly due. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

16. The claims set forth in the Complaint are barred in whole or in part to the extent the exemptions, exclusions, exceptions, or credits provided in Sections 3 and 7 of the FLSA, 29 U.S.C. § 203 and 207, apply to the claims. In particular, the provisions of 29 U.S.C. § 203(m) and (t) define the eligibility requirements of the tip credit. The claims are barred to the extent Plaintiff seeks to impose any different or greater requirements.

17. Plaintiff's alleged injuries, if any exist, were not caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claims for some or all of the class or allegedly similarly situated persons.

18. The claims of Plaintiff and/or those whom Plaintiff seeks to represent are barred to the extent that any bankruptcy proceedings to which they are parties bar their individual claims based on estoppel, standing, or other grounds.

19. Plaintiff has been paid and/or received all wages due to him by virtue of his employment. All or portions of the claims set forth in the Complaint are barred because Plaintiff

consented to, encouraged, or voluntarily participated in all actions taken, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

20. Individual defendant Abdul Madani is not properly named as defendant in this lawsuit because they were not, at any time, Plaintiff's "employee" within the scope of the FLSA. The Complaint makes no allegations to suggest that Abdul Madani could be held liable to Plaintiff or a putative class under the FLSA, which applies only to "employees" who are "employed" by "employers". See 29 U.S.C. § 207(a)(1); see also 29 U.S.C. § 203(e)(1). Individual Defendant Abdul Madani did not undertake actions that would cause him to become personally liable under the FLSA.

21. Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery.

## PRAYER

WHEREFORE, having fully answered, Defendants Main Street S., Inc. and Abdul Madani pray that this action be dismissed, that Plaintiff take nothing by his action and that Defendants be awarded for their costs and for such further relief, general and specific, at law or in equity, to which they may be justly entitled.

Dated September 23, 2024

        Respectfully Submitted,
        TB Robinson Law Group, PLLC

        Terrence B. Robinson
        Fed. Bar No. 14218
        Texas Bar No. 17112900
        Email: TRobinson@TBRobinsonlaw.com

Mina Madani
Texas SBN.: 24070195
Fed. Bar No. 1055703
Email: Mbanerjee@TBRobinsonlaw.com
7500 San Felipe Street, Suite 800
Houston, Texas 77063
Phone: (713) 568-1723
Fax: (713) 965-4288
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September 2024, the foregoing *DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT* was electronically filed with the Clerk of the Court using the CM-ECF system and served on all attorney(s) and/or parties of record via the CM/ECF service.

_____
Terrence B. Robinson